UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

GENTLE THOMAS, JR.,

Plaintiff,

vs.

ADAM MADISON,

Defendant.

Case No.: 3:26-cv-0467-LL-GC

**ORDER: (1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) AND (2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)**

**[ECF No. 2]**

Plaintiff Gentle Thomas, Jr. ("Plaintiff" or "Thomas"), a prisoner currently incarcerated at Wabash Valley Correctional Facility in Carlisle, Indiana and who is proceeding pro se, has filed a civil action, along with a motion to proceed *in forma pauperis* ("IFP"). *See* ECF Nos. 1, 2. For the reasons explained below, the Court **DENIES** Plaintiff's IFP motion, and **DISMISSES** the civil action without prejudice.

## I. IFP MOTION

### A. Legal Standard

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007) ("*Cervantes*").

For prisoners like Thomas, however, the Prison Litigation Reform Act ("PLRA") amended 28 U.S.C. § 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

Once a prisoner has acquired three "strikes," he may not proceed IFP unless he can show he is facing "imminent danger of serious physical injury." *Cervantes*, 493 F.3d at 1055. "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that (they were) frivolous, malicious, or fail[ed] to state a claim," *Andrews*, 398 F.3d at 1116 n.1, "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

/ / /

/ / /

**B. Analysis**

Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, but "in some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Andrews*, 398 F.3d at 1120. This is one of those instances, as federal court dockets show Thomas is no longer eligible to proceed IFP because, while incarcerated, he has had more than three prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Pursuant to Federal Rule of Evidence 201(b)(2), this Court may take judicial notice of the docket records in Plaintiff's prior cases. *See id.*; *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (stating that a court may take judicial notice of its own records in other cases, as well as other courts' records).

The following records sufficiently show Thomas has at least four qualifying strikes:

(1) *Thomas v. Goffinet, et al.*, No. 2:24-cv-0193-JRS-MG (S.D. Ind. Sept. 24, 2024) (ECF No. 16) (Order dismissing complaint for failing to state a claim pursuant to 28 U.S.C. § 1915A, with leave to amend); *id.* (S.D. Ind. Nov. 13, 2024) (ECF No. 18) (Order dismissing civil action for failure to prosecute in compliance with Court Order);[1]

(2) *Thomas v. Carter, et al.*, 2:24-cv-0332-JRS-MJD (S.D. Ind. Nov. 10, 2024) (ECF No. 10) (Order dismissing complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A, with leave to amend); *id.* (S.D. Ind. Jan. 13, 2025) (ECF No. 11) (Order dismissing civil action for failure to prosecute in compliance with Court Order);

(3) *Thomas v. Carter, et al.,* No. 2:24-cv-0343-MPB-MG (S.D. Ind. May 17, 2023) (ECF No. 7) (Order dismissing complaint as duplicative and noting the complaint was "identical" to a complaint filed in a previous

[1] A failure to amend does "not negate the determination already made by the Court that the complaint [plaintiff] had filed . . . failed to state a claim." *Harris v. Magnum*, 863 F.3d 1133, 1142 (9th Cir. 2017). "A prisoner may not avoid incurring strikes simply by declining to take advantage of [an] opportunit[y] to amend." *Id.* at 1143.

civil action);[2]

(4) *Thomas v. C.R. England Transp*., No. 2:25-cv-0174-MPB-MJD (S.D. Ind. May 1, 2025) (ECF No. 9) (Order dismissing amended complaint for failing to state a claim pursuant to 28 U.S.C. § 1915A, with leave to amend); *id.* (S.D. Ind. June 24, 2025) (ECF No. 11) (Order dismissing civil action for failure to prosecute in compliance with Court Order).

Because Thomas has accumulated these prior qualifying dismissals while incarcerated,[3] he may not proceed IFP unless he can show that he is in “imminent danger of serious physical injury.” 28 U.S.C. § 1915(g). Thomas bears the burden of satisfying this exception. *See Andrews*, 398 F.3d at 1120. To do so, his pleading must contain a “plausible allegation that [he] faced ‘imminent danger of serious physical injury’ at the time of filing.” *Cervantes*, 493 F.3d at 1055 (quoting U.S.C. § 1915(g)). Imminent danger requires a claimed physical harm that is “ready to take place” or “hanging threateningly over one’s head.” *Id.* at 1056.

Here, Plaintiff’s Complaint fails to include any plausible allegations of imminent physical danger. Instead, Plaintiff claims the defendant is liable for securities fraud under section 10(b) of the Securities and Exchange Act of 1934 (codified at 15 U.S.C. § 78a). *See* ECF No. 1 at 3. The Complaint contains no allegations that indicate Thomas was in imminent danger of serious physical harm at the time the Complaint was filed. Thomas is therefore barred from proceeding IFP in this action.

---

[2] The Ninth Circuit has recognized that a duplicative suit is either frivolous or malicious, and thus the dismissal of such a suit qualifies as a strike within the meaning of the three strikes provision of 28 U.S.C. § 1915(g). *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (recognizing a duplicative complaint is either frivolous or malicious*); see also LeBlanc v. Asuncion*, 699 Fed. App’x 762 (9th Cir. 2017) (holding that dismissal of duplicative complaint was properly deemed a strike).

[3] Plaintiff has since been denied IFP privileges pursuant to § 1915(g) in United States District Court for the Southern District of Indiana. *See Thomas v. General Electric Capital Corp.*, Case No. 2:25-cv-0613-JPH-MG (S.D. Ind. Dec. 15, 2025) (Order denying motion to proceed IFP pursuant to 28 U.S.C. § 1915(g) and dismissing civil action) (ECF No. 8).

## II. CONCLUSION

For the reasons explained, the Court:

(1) **DENIES** Plaintiff's Motion to Proceed IFP [ECF No. 2] as barred by 28 U.S.C. § 1915(g);

(2) **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the full $405 civil filing fee required by 28 U.S.C. § 1914(a);

(3) **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and

(4) **DIRECTS** the Clerk of Court to enter a judgment of dismissal and to close the file.

**IT IS SO ORDERED.**

Dated: August 10, 2026

Honorable Linda Lopez
United States District Judge